IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

     Plaintiff,

v.                                                                                              No. 1:17-cv-00759 WJ-LF

STATE OF NEW MEXICO
DISTRICT ATTORNEY'S OFFICE, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's motions seeking "Leave to Proceed" with service and discovery (Docs. 8, 9, 13, and 14). The motions were accompanied by 18 subpoenas in pre-addressed envelopes, [1] several exhibit and witness lists, and six exhibits identified as "evidence" to support his civil rights claim. Plaintiff asks that the Court serve his civil rights complaint on all defendants, set a trial date, enter an order initiating the discovery process, and serve the subpoenas. The motions also cite Fed. R. Civ. P. 3 (commencing an action); Fed. R. Civ. P. 12(1)(A)(i) (response times in a civil action); Fed. R. Civ. P. 14 (third-party practice); Fed. R. Civ. P. 15 (amendments); Fed. R. Civ. P. 54 (judgement; costs); Fed. R. Civ. P. 69 (execution); Fed. R. Civ. P. 86 (effective dates); 28 U.S.C. § 636 (powers of a Magistrate Judge); 28 U.S.C. § 2412 (costs and fees); N.M.S.A. 1978 §§ 14-2-1 and 14-2-8 (inspecting and requesting public records). However, Plaintiff does not appear to request any additional relief based on those rules and statutes.

After carefully reviewing the submissions and relevant law, the Court concludes Plaintiff's

---

[1] One additional envelope, which arrived sealed, was addressed to "nonparties" Kim Moore and Adrian Benavidez. It is unclear whether Plaintiff inadvertently included a personal letter or whether he hopes the Court will mail it. In any event, the letter will be returned, and the Court cautions Plaintiff not to attempt to send personal mail again.

requests for service and discovery is premature and/or unavailable at this stage in the proceeding. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court must screen all prisoner complaints before the defendants are required to file an answer. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007) ("[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the [Prison Litigation Reform Act] until required to do so by the court"). If the prisoner is proceeding *in forma pauperis* and the complaint states a facially meritorious claim, the Court orders an answer and effectuates service on behalf of the prisoner. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). If, however, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," it will be dismissed. 28 U.S.C. §§ 1915(e); 1915A(b)(1). Because the Court has not yet performed this screening function, the defendants cannot be served at this time.

Further, even where the Court orders an answer and serves the complaint, prisoner suits are exempt from ordinary pretrial case management and discovery procedures. *See* D.N.M. LR-Civ. 16.3; D.N.M. LR-Civ. 26.3(a)(1). In lieu of traditional discovery, the Court may, if appropriate, order a *Martinez* report, which is "a court-authorized investigation and report by prison officials" aimed at ferreting out "any factual or legal bases for [the] claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). If a prisoner believes he or she needs additional information after that report is order and disclosed, the prisoner may submit a traditional discovery request. *See Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (delaying "discovery pending an evaluation of the [*Martinez*] report [does not] constitute an abuse of discretion or impermissibly contravene[] the discovery provisions of the federal rules). The Court will therefore deny Plaintiff's request to initiate discovery proceedings and set a trial date and return his proposed subpoenas.

The Court will also return Plaintiff's exhibits and corresponding lists. Exhibits need not be

"attached to a pleading unless the documents … form the basis for the action or defense."   D.N.M.

LR-Civ. 10.4.   Plaintiff's exhibits include state court dockets, public record requests, and printed

copies of N.M.S.A. 1978 § 31-19-1 (sentencing for misdemeanors) and 18 U.S.C. §

1001(sentencing for fraud and false statements).   Some of this information could be relevant to

Plaintiff's claims for improper arrest, prosecution, and sentencing if and when the Court decides to

take evidence.   However, the information does not form the basis for the action and is therefore not

necessary at this phase in the proceeding.

For the foregoing reasons, the Court will deny the motions as premature and return the

documents described above.   The Court will notify Plaintiff in writing as to whether his claims

survive initial review under 28 U.S.C. § 1915.   Until then, Plaintiff is not required to take further

action to prosecute his case.

IT IS THEREFORE ORDERED that Plaintiff's motions for "Leave to Proceed" with

service and discovery (Docs. 8, 9, 13, and 14) are DENIED without prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to return to Plaintiff all subpoenas,

envelopes, exhibit and witness lists, and exhibits that accompanied the motions.

_____
UNITED STATES MAGISTRATE JUDGE