# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

ERNESTO J. BENAVIDEZ,

      Plaintiff,

v.                                            No. 1:17-cv-00759 WJ-LF

STATE OF NEW MEXICO
DISTRICT ATTORNEY'S OFFICE, _et al_,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff Ernesto Benavidez's Civil Rights Complaint (Doc. 1, supplemented by Docs. 3, 17). Plaintiff is incarcerated, appears _pro se_, and is proceeding _in forma pauperis_. Having reviewed the complaint _sua sponte_ under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will dismiss Plaintiff's claims with prejudice.

## BACKGROUND

In this lawsuit, Plaintiff asserts constitutional claims against all police officers, prosecutors, and state officials involved in his arrest and prosecution for aggravated stalking. The Complaint alleges that on March 12, 2013, Officers Bassiri and Wharton arrested Plaintiff at the Albuquerque Public Library. Plaintiff asserts the officers were proceeding without a warrant and lacked probable cause for the arrest. He acknowledges that the "officer[s] w[ere] responding to the a call made by the alleged victim," but complains that they "found [him] prior to making the response to her call on a violation of restraining order." (Doc. 1, p. 7).

Plaintiff was indicted on the stalking charges on March 26, 2013 in New Mexico's Second

Judicial District Court, case no. D-202-CR-2013-01452.[1]  About three weeks later, Plaintiff was indicted in the same court for criminal sexual penetration, kidnapping, battery, and damage to property in relation to a different woman, case no. D-202-CR-2013-01762.

Plaintiff was detained pending trial in both cases until about February 2016.  His claims focus on the prosecutors' conduct in connection with the stalking case.  He alleges they proceeded in a slow and "cumbersome" manner, misrepresented facts to the state court, and improperly refused to allow him to interrogate the alleged victim.  He also argues that the prosecution was improper because passing a woman's house five or six times does not constitute stalking.

On February 4, 2016 - while the stalking case was pending - Plaintiff was convicted by jury of the lesser charge of damage to property in case no. D-202-CR-2013-01762.  He was sentenced to two years minus two days, with 1,085 days of credit for time served.[2]  Shortly thereafter, the State determined that pursuing the stalking charges was no longer in the interests of justice or judicial economy and entered a nolle prosequi in case no. D-202-CR-2013-01452.  Plaintiff was released on March 2, 2016, although he is currently incarcerated pending trial on unrelated stalking/domestic violence charges.

Plaintiff alleges constitutional claims for malicious prosecution and wrongful arrest against: the State of New Mexico; the State Attorney General; the United States Attorney General; the State District Attorney's Office; the City of Albuquerque; the Albuquerque Police Department; Mayor Richard Berry; Kari Brandenburg; all prosecutors involved in the case; and all arresting

---

[1]  The Court took judicial notice of Plaintiff's state court criminal dockets.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003).

[2]  At one point Plaintiff appears to argue he was not actually sentenced to this amount of time, alleging the prosecutor "manipulated the time" and misrepresented his sentence "to justify most of the unlawful confinement time."  (Doc. 1 at 13).  However, the State Court record belies this assertion.  The Judgment and Sentence was approved by counsel for Plaintiff, the State, and State District Judge Christina Argyres, and states: "Defendant is incarcerated for 2 years, ___ months, minus 2 days."  *See* Judgment and Sentence in case no. D-202-CR-2013-01762.

officers.  Plaintiff seeks $2.5 million in damages.  He alleges that because of the wrongful arrest and prosecution, his fiancé Jolene became pregnant by another man[3] and he lost custody of his children, his job, his assault rifle, and his car.  Plaintiff also asks that the defendants receive additional training and be subjected to hair follicle drug testing.

After filing the complaint, Plaintiff filed a motion seeking leave to again name Officers Bassiri and Wharton as defendants.  (Doc. 3).  He also filed a Motion to Amend, which clarifies that he does not seek monetary relief from any defendant with immunity but instead intends to recover from the United States Treasury, the State of New Mexico, and the City of Albuquerque. (Doc. 17).  Consistent with the obligation to construe *pro se* pleadings liberally, the Court will grant both motions and consider the complaint and motions collectively as the operative pleading.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  In evaluating whether an *in forma pauperis* complaint states a plausible claim, the Court may "pierce the veil of the complaint's factual allegations" and consider other materials such as state court proceedings subject to judicial notice.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

---

[3]  The Court is skeptical that Plaintiff's incarceration ended the relationship, if one existed, as "Jolene" is the name of the woman who accused Plaintiff of sexual assault and kidnapping in case no. D-202-CR-2013-01762.  In any event, this detail is not pertinent to the outcome of the case.

Because Plaintiff is *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate. *Hall*, 935 F.2d at 1110.

## DISCUSSION

Despite various rules and statutes cited by Plaintiff, his claims must be construed under 42 U.S.C. § 1983, which is the only "remedial vehicle for raising claims based on the violation of constitutional rights." *See Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution …, and must show that the alleged deprivation was committed by a person acting color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). The allegations must also demonstrate a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).

The crux of Plaintiff's Complaint is that he was subjected to malicious prosecution and false arrest in violation of the Fourth and Fourteenth Amendments. He appears to believe that his release from incarceration after almost three years on a nolle prosequi demonstrates he should not have been arrested or prosecuted for stalking. As discussed below, these claims fail.

### I. Malicious Prosecution Claims

Plaintiff's malicious prosecution claims are primarily directed at prosecutors Dana Beisman, Brianne Bigej, Edna Sprasue, Karri Brandenburg, and Raul Torrez. However, prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution,

4

presenting the State's case, evaluating evidence, and determining whether probable cause exists. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009). The alleged wrongdoing here clearly involves those types of actions: Plaintiff complains the prosecutors filed charges without probable cause; requested unreasonable bond amounts; and improperly refused to dismiss the stalking case. Plaintiff therefore cannot maintain a claim against Defendants Beisman, Bigej, Sprasue, Brandenburg, or Torrez.

Plaintiff has not alleged that any of the remaining Defendants were personally involved in the prosecution. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008) (Section 1983 requires each defendant to be personally involved in the violation). Even if they could face § 1983 liability, however, a malicious prosecution claim is only viable if the original action terminated in the plaintiff's favor. *See M.G. v. Young,* 826 F.3d 1259, 1262 (10th Cir. 2016). To satisfy the favorable termination requirement, "the plaintiff must show more than just the withdrawal or vacating of criminal charges--the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence." *Id.* "A bare nolle prosequi without more is not indicative of innocence." *See Wilkins v. DeReyes,* 528 F.3d 790, 803 (10th Cir. 2008). The plaintiff has the burden of demonstrating that the circumstances surrounding the nolle prosequi "impl[y] a lack of reasonable grounds for the prosecution." *Id.* (quotations omitted). "Where the case is disposed of in a manner that leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim…." *M.G. v. Young,* 826 F.3d at 1262 (quotations omitted).

The only weakness Plaintiff identified in the State's case was his own testimony that driving by a woman's house fix or six times does not constitute stalking. Further, the nolle

prosequi states it was based on "judicial economy," and was entered after Plaintiff's sentence was fully suspended in a companion case because he had already served nearly three years awaiting trial. These circumstances are not indicative of innocence. They demonstrate the State abandoned the stalking charges after drawing the reasonable conclusion that any sentence in that case would also be fully suspended. *See Donahue v. Gavin*, 280 F.3d 371, 384 (3d Cir. 2002) (a nolle prosequi does not indicate innocence where "[t]he prosecutor simply reasoned that [the plaintiff] was not likely to receive any additional jail time" following a conviction). Plaintiff has therefore failed to state a claim for malicious prosecution.[4]

## II. False Arrest Claims.

Plaintiff also asserts Officers Bassiri, Wharton, and others lacked probable cause for the stalking arrest. A warrantless arrest is reasonable under the Fourth Amendment if an officer has probable cause to believe that the arrestee committed a crime. *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 645 (10th Cir. 2017). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (citation omitted). "[W]hen an officer has probable cause to believe a person committed even a minor crime in his presence[,] ... the ... arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008). Courts examine "whether, given all of the circumstances, there is a probability or substantial chance of criminal activity based on commonsense consideration." *United States v.*

---

[4] Although the stalking prosecution is the focus on the Complaint, the Court also notes that the companion sexual assault case, D-202-CR-2013-01762, clearly did not terminate in Plaintiff's favor because he was convicted of the lesser charge of damage to property. *See M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016) (noting that the entire "action [must] terminate[] in favor of the plaintiff").

*Coronado*, 2017 WL 3397371, *3, (D.N.M. Aug. 8, 2017) (unpublished) (citing *United States v. Pulliam*, 748 F.3d 967, 971 (10th Cir. 2014)).

By Plaintiff's own admission, the officers were responding to a call that he was stalking a woman in violation of a restraining order. (Doc. 1, p. 7). The State Court records also demonstrate that at the time of the call, Plaintiff had a lengthy history of domestic violence arrests.[5] *See United States v. Artez,* 389 F.3d 1106, 1114-1115 (10th Cir. 2004) ("criminal history, combined with other factors, can support a finding of … probable cause"). Nevertheless, Plaintiff argues the officers lacked probable cause to arrest him because they had not yet interviewed or "respon[ded]" to the caller. *Id.* The Fourth Amendment is not so exacting. "Police are entitled to base an arrest on a citizen complaint of a victim without investigating the truthfulness of the complaint, unless they have reason to believe it's fishy." *U.S. v. Patane,* 304 F.3d 1013, 1016 (10th Cir. 2002) (citations omitted), *rev'd on other grounds*, 542 U.S. 630. This is particularly true in stalking cases, where requiring independent corroboration would inhibit the officers' ability to defuse a potentially dangerous domestic dispute. *Id.* ("We reject any suggestion that victims of domestic violence are unreliable witnesses whose testimony cannot establish probable cause absent independent corroboration."). The officers were therefore not required to interview the victim before arresting Plaintiff, and any false arrest claims fail.

### III. Amendment Would be Futile

In deciding whether to dismiss the complaint, the Court considers whether to allow Plaintiff an opportunity to amend the pleading. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given a reasonable opportunity to remedy defects in

---

[5]  The State Court record reflects that Plaintiff was arrested and prosecuted for domestic violence on at least three prior occasions. *See* T-4-DV-1997-1290; T-4-DV-1997-2967; T-4-DV-2001-3019.

their pleadings. *Id.* However, the Court is not required to grant leave to amend where the factual predicate for the lawsuit is clear and any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amending the Complaint would be futile. The Complaint contains 27 pages of allegations describing every aspect of Plaintiff's arrest, prosecution, and incarceration. No additional information is necessary to evaluate Plaintiff's claims, which are all based on the non-viable theory that he should not have been arrested or prosecuted for aggravated stalking. The Court will therefore dismiss the Complaint for failure to state a cognizable claim without granting leave to amend.

### IV. The Court Will Impose a § 1915(g) Strike

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* statutes provides that incarcerated plaintiffs accrue a "strike" each time they bring a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that this dismissal qualifies as Plaintiff's second strike. Plaintiff accrued the first strike after his *pro se* prisoner complaint was dismissed for failure to state a claim in *Benavidez v. Bigej,* 17-cv-471 LH/KBM. If he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is **THEREFORE ORDERED** that the Motion for Joinder (**Doc. 3**) and Motion to Amend (**Doc. 17**) are **GRANTED**, and considered along with the Complaint as the operative

pleading.

It is **FURTHER ORDERED** that that the Complaint (**Doc. 1**) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e).

It is **FURTHER ORDERED** that a second strike is **IMPOSED** against Plaintiff Ernesto Benavidez under 28 U.S.C. § 1915(g).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE